

**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          *(503) 727-1000*
*Portland, OR  97204-2902*                *Fax: (503) 727-1117*

---

*Scott M. Kerin*                                          *Scott.Kerin@usdoj.gov*
*Assistant U.S. Attorney*                                 *(503) 727-1002*

July 15, 2011

Alison Clark
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, OR 97204

      Re:   *United States v. Aaron Key*, **CR 11-87-MO and CR 11-211-MO**
            **Plea Agreement**

Dear Ms. Clark:

      In an effort to resolve your client's cases the government proposes the following plea offer.

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to:

    A.    **Count 1, in CR 11-87-MO**, which charges him with **Unlawful Possession of an Unregistered Firearm**, in violation of 26 U.S.C. § 5861(d).

    B.    **Count 1, in CR 11-211-MO, Transportation for Illegal Sexual Activity**, in violation of 18 U.S.C. § 2421.

3.     **Penalties**:

    A.    The maximum sentence for **Count 1, in CR 11-87-MO**, is up to ten years imprisonment, a fine of $10,000, up to a three-year term of supervised release, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the court why this cannot be done.

Revised 7-21-08

*U.S. v. Key*, CR 11-87-MO and CR 11-211-MO
Plea Agreement
Page 2

      B.    The maximum sentence for **Count 1, in CR 11-211-MO**, is up to 10 years imprisonment, a fine of up to $250,000, up to a ~~three-year~~ term of supervised release, and a $100 fee assessment. *Life*

   SK
   AC
   AK

4.   **Dismissal/No Prosecution**:

      A.    The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

      B.    The USAO agrees, at the time of sentencing, to dismiss Count 2 in CR 11-211-MO.

5.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.   **Factual Summary and Elements as to Count 1, in CR 11-87-MO**: The parties agree that:

      A.    On or about February 16, 2011, in the District of Oregon, the defendant knowingly and intentionally possessed a firearm, as defined in Title 26, United States Code, Section 5845(a), to-wit: a Sears Roebuck & Company CBC, model 282.510831, 20 gauge shotgun having a barrel of less than 18 inches in length and with serial number 769698.

      B.    The firearm was not registered to him in the National Firearms Registration and Transfer Record as required by law.

7.   **Factual Summary and Elements as to Count 1, in CR 11-211-MO:** The parties agrees that:

      A.    On or about March 1, 2011, in the District of Oregon and elsewhere, the defendant knowingly transported a female ("JL") in interstate commerce from the State of Oregon to the State of Washington.

      B.    The defendant transported the person ("JL") with the intent that such person engage in prostitution.

*U.S. v. Key*, CR 11-87-MO and CR 11-211-MO
Plea Agreement
Page 3

8.  **Anticipated Offense Level for Count 1, in CR 11-87-MO**: The government believes defendant's **Base Offense Level, pursuant to U.S.S.G. § 2K2.1(a)(5), is 18**, prior to adjustments.

9.  **Anticipated Offense Level for Count 1, in CR 11-211-MO**: The government believes defendant's **Base Offense Level, pursuant to U.S.S.G. § 2G1.1(a)(2), is 14.**

10. **Multiple Count Adjustment**: Given his guilty pleas in two separate cases and because the offenses in CR 11-211-MO involved more than one victim (*see* U.S.S.G. § 2G1.1(d)(1)), the government anticipates the defendant will receive a **multiple-count adjustment** to his base offense level, **pursuant to Chapter 3, Part D, of the U.S.S.G.**

11. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history.

12. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

13. **3553(a) Variance**: Pursuant to the defendant's indication that he was willing to quickly resolve his case, prior to the initial trial setting and indictment on CR 11-211-MO, the USAO agrees to recommend **a one-level downward variance** in his adjusted offense level, pursuant to 18 U.S.C. § 3553(a). The government recognizes that the defendant's early resolution of his case and agreement to forgo filing pretrial motions is an added benefit to government and the victims in CR 11-211-MO that is beyond the standard acceptance of responsibility.

14. **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a), as long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend that the Court sentence the defendant to **the low-end of his sentencing guideline range**, to be followed by a ~~three~~ five-year term of supervised release.



15. **Additional Departures, Adjustments, or Variances**:

    A.  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Revised 7-21-08

*U.S. v. Key*, CR 11-87-MO and CR 11-211-MO
Plea Agreement
Page 4

    B.    Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    C.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply or is unable to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

16.    **Fine**: The government will not seek a fine in this matter.

17.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

18.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

19.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

U.S. v. *Key*, CR 11-87-MO and CR 11-211-MO
Plea Agreement
Page 5

20. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

21. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

/s/ *Scott Kerin*
SCOTT M. KERIN
Assistant United States Attorney

### *United States v. Aaron Key*, CR 11-87-MO and CR 11-211-MO
### Acceptance of Plea Agreement

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I am satisfied with the representation by attorney has provided to me. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/26/11
Date

Aaron Key
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/26/11
Date

Alison Clark
Attorney for Defendant

Revised 7-21-08